JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LISA MCINNIS, Administratrix of the Estate of MALCOLM A. MCINNIS, Deceased, and widow in her

## DEFENDANTS

Raytheon Technologies Corporation

**(b)** County of Residence of First Listed Plaintiff   Wilmington, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Waltham, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert Paul, Esquire
Paul, Reich & Myers

Attorneys *(If Known)*

William Smith, Esq. Dickie, Mccamey & Chilcote
1650 Arch Street, Suite 2110, Phila, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product — Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability — ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & — Pharmaceutical Slander — Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' — Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability — ☒ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine — Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product — Liability | | ☐ 880 Defend Trade Secrets | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability — **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle — ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability — ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal — Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury — ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - — Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ — Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations — ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - — ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment — **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - — ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other — ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education — ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC Section 1442 (a)

Brief description of cause:
Plaintiff alleges injury due to exposure to asbestos.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
July 18, 2022

SIGNATURE OF ATTORNEY OF RECORD
*William J. Smith*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5801 Highland Court, Wilmngton, DE 19802

Address of Defendant: _____ **Various Defendants**

Place of Accident, Incident or Transaction: Service in the US Navy as well as in Marcus Hook & Chester, Pennsylvania.

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/18/2022     *William J Smith*     66161
_____     _____     _____
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* Fed Off. Jurisdiction 28 USC Section 1442 (

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ William. J, Smith _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 07/18/2022     *William J Smith*     66161
_____     _____     _____
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5 2018)*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

LISA MCINNIS, Administratrix of the     *
Estate of MALCOLM A. MCINNIS, deceased     *
and widow in her own right     *
Plaintiff,     *
    *
       v.     *     CIVIL ACTION No. _____
    *
ADC CONTRACTING & SUPPLY,     *
AEROQUIP,     *
ALLEN_BRADLEY COMPANY,     *
ARMSTRONG INTERNATIONAL,     *
ARROWHEAD PRODUCTS,     *
ATLANTIC CRANES,     *
BELL & GOSSETT/DOMESTIC PUMP,     *
BUFFALO PUMPS, INC.,  `     *
CARBOLINE,     *
CBS CORPORATION, formerly Westinghouse     *
Electric Company     *
CHALMERS & KUBECK     *
CRANE CHEMPHARMA & ENERGY,     *
CRANE CO.,     *
CRANE COCHRANE     *
CYTEC SOLVAY,     *
DANA CORPORATION k/n/a Dana     *
Companies, LLC.,     *
DEXTER CORPORATION,     *
DINGS COMPANY,     *
EATON CORPORATION,     *
EXACTO INC.     *
FEDERAL-MOGUL ASBESTOS PERSONAL     *
INJURY TRUST as successor to Vellumoid     *
division of Federal-Mogul Corporation,     *
FISHER CONTROLS INTERNATIONAL, LLC,     *
FMC CORPORATION,     *
GARDNER DENVER,     *
GENERAL ELECTRIC COMPANY,     *
GOULDS PUMPS INC.,     *
GTE PRODUCTS OF CONNECTICUT     *
CORPORATION,     *
HENKEL,     *
HEXCEL CORPORATION,     *
HONEYWELL INTERNATIONAL,     *

HYSOL AEROSPACE & INDUSTRIAL           *
ADHESIVES,                             *
IMO INDUSTRIES, INC.,                  *
f/k/a Delaval Steam Turbine Company,   *
ITT BELL GOSSET,                       *
METROPOLITAN LIFE INSURANCE            *
CO.    ,                               *
MINNESOTA MINING AND                   *
MANUFACTURING,                         *
MONSEY PRODUCTS                        *
MSA,                                   *
NARMCO,                                *
OTIS ELEVATOR,                         *
PARKER HANNIFIN,                       *
PECORA CORPORATION,                    *
PNEUMO ABEX LLC,                       *
RAYTHEON TECHNOLOGIES                  *
CORPORATION,                           *
REDDAWAY MANUFACTURING                 *
COMPANY, INC.,                         *
SIKORSKY HELICOPTER,                   *
SQUARE D COMPANY,                      *
STEARNS,                               *
TITEFLEX CORPORATION,                  *
UNION CARBIDE CORPORATION,             *
VELLUMOID, INC.,                       *
WARREN PUMPS LLC,                      *
WYETH HOLDING,                         *

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MCINNIS, Administratrix of the Estate of MALCOLM A. MCINNIS, Deceased, and widow in her own right, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. _____ |
| v. | : : | **ASBESTOS CASE** |
| ADC CONTRACTING & SUPPLY, et al., | : : | DEFENDANT RAYTHEON |
| Defendants. | : : : | TECHNOLOGIES CORPORATION'S NOTICE OF REMOVAL |

### TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR

### ATTORNEYS OF RECORD:

Defendant Raytheon Technologies Corporation ("RTC") hereby files this Notice of

Removal in the above-captioned action pursuant to 28 U.S.C. §§ 1331, 1442(a), and 1446. This

Notice and Joinder is based on RTC's right to removal under the federal officer removal statute.

In support, RTC respectfully states the following:

### I.     Preliminary Matters

1.      On or about June 21, 2022, Plaintiff Lisa McInnis filed this personal injury action

in the Court of Common Pleas of Philadelphia County, Trial Division, Case No. 2206-1853,

against RTC and other defendants.  True and correct copies of all process, pleadings, and orders

served upon RTC are attached to this Notice as **Exhibit A**.

2.      Plaintiff mailed a copy of the Complaint to RTC, which was postmarked on June

21, 2022.

3.      In her Complaint, Plaintiff alleges that her Decedent, Malcolm A. McInnis,

developed lung cancer as a result of inhaling asbestos fibers during his work with or around all of

the defendants' products during his various civilian jobs and through his service in the United States Navy aboard the *USS Midway* and *USS Ranger* from approximately 1972-1981.

4.      Plaintiff's claims against RTC are based on Decedent's alleged inhalation of asbestos fibers during his service in the United States Navy as a helicopter pilot. *See* Ex. A at ¶¶ 6(d), 10.

5.      Specifically, Plaintiff alleges her Decedent was exposed to asbestos-containing cloth products (*Id.*, ¶ 10(a)), gaskets (*Id.*, ¶ 10(e), (o)), caulking compound (*Id.*, ¶ 10(i)), adhesives (*Id.*, ¶ 10(n), (bb), (cc), (hh), (jj)), clamps (*Id.*, ¶ 10(t), (ee)), brake linings (*Id.*, ¶ 10(pp)) and "other asbestos-containing products" on Sikorsky helicopters. (*Id.*, ¶ 10(p), (u), (y), (nn), (ss), (tt), (xx)).

6.      Plaintiff alleges that RTC "and its predecessors such as United Technologies and its creature and alter ego Sikorsky which was a mere alter ego and creature of United designed and sold asbestos-containing products which caused the injuries herein." (Ex. A, ¶ 10(oo)).

7.      Any and all helicopters allegedly supplied by Sikorsky to the United States Navy were specifically designed and manufactured in accordance with strict specifications provided by the Navy and were designed and built under the direction and control of the military and its officers. Accordingly, this case is removable on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

8.      This Notice of Removal is timely.  The 30-day removal period prescribed by 28 U.S.C. § 1446(b) begins to run when defendant receives a copy of the initial pleading setting forth the claim for relief from which it may first be ascertained that the case is removable.  28 U.S.C. § 1446(b).  RTC received the Complaint via mail on June 27, 2022.  The receipt of the Complaint put RTC on notice for the first time that plaintiffs' claims in this action involve alleged inhalation of asbestos fibers from military equipment built pursuant to specifications provided by the military

and under the direction and control of the military and its officers. This removal of the action, which is being filed within 30 days of RTC's receipt of the Complaint, is therefore timely under 28 U.S.C. § 1446(b).

## II.     Nature of the Case

9.     The case is based on allegations that Ms. McInnis' Decedent, Malcolm A. McInnis, developed lung cancer caused by inhaling asbestos fibers from defendants' products.

10.     Plaintiff asserts negligence causes of action against defendants. Plaintiffs seek to hold RTC liable for conduct of Sikorsky based on the allegation that Sikorsky—separately named as a defendant in this case—was a "creature [sic] and alter ego" of RTC.. (Ex. A, ¶ 10(oo)). RTC disputes the factual and legal adequacy of these allegations as it relates to a former subsidiary and, as it has successfully done in the past, will move to dismiss the claim. *Fend v. Allen-Bradley Co.*, 2019 WL 6242119 at *2 (E.D.Pa. Nov. 20, 2019) (dismissing identical claims against RTC for Sikorsky as "conclusory, insufficient, and devoid of any factual support.")

## III.     Jurisdiction and Intradistrict Assignment

11.     Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below under Grounds for Removal.

12.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania as the state court action, which is subject to this removal petition, was filed with the Court of Common Pleas in Philadelphia County, where it is alleged that all parties are subject to personal jurisdiction.

13.     Furthermore, §1442(a) authorizes removal without the consent of any other defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315 (9th Cir. 1981) ("federal officer…can remove without other defendants joining the petition, and the entire case is removed to the federal court."); *Huntingdon Valley Club Condo. Ass'n v. Pa.*

*Hous. Finance Agency*, No. 04–4770, 2005 WL 44524, at *2 (E.D.Pa. Jan. 10, 2005) ("every court of appeals to have considered the issue has decided that a federal officer or agency may unilaterally remove an entire case [including all other defendants] to federal court under § 1442, regardless of whether other defendants join in the removal notice") (Robreno, J.)

## IV.    Grounds for Removal

14.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is removable to this Court by RTC pursuant to the provisions of 28 U.S.C. § 1442(a)(1) in that it is a civil action in which plaintiffs' alleged right to relief necessarily depends on the resolution of a substantial question of federal law. "Federal officers, and their agents, may remove cases based on acts performed under the color of their federal office if they assert a colorable defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see also Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-1181 (7th Cir. 2012).

15.    The Supreme Court has mandated a generous interpretation of the federal officer removal statute in favor of removal. *Ruppel*, 701 F.3d 1176 at 1180 (the federal officer removal status is not narrow or limited); *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969); *see also Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute.").

16.    At all relevant times, RTC was a "person(s)" within the meaning of 28 U.S.C. § 1442(a)(1). *Ruppel*, 701 F.3d at 1181 (finding that a corporate defendant was a "person"); *see also Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992).

17.    Plaintiff's claim against RTC is based solely on an alleged "successor" or "alterego" theory for its former subsidiary, which was at all times an independent and active corporation, Sikorsky, which manufactured helicopters for the United States Navy. Sikorsky was

acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing, and supplying any helicopters for and to the Navy.

18.     This equipment was manufactured pursuant to reasonably precise specifications provided by the Navy and RTC has a colorable federal defense to plaintiff's state law tort claims.

19.     Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (a) demonstrate that it acted under the direction of a federal officer, (b) raise a colorable federal defense to plaintiff's claims, and (c) demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Ruppel*, 701 F.3d at 1180-1181; *Vedros v. Northrop Grumman Shipbuilding, Inc.*, No. 11–67281, 2012 WL 3155180, at *5 (E.D.Pa. Aug. 2, 2012).

20.     "While the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated.  Nor is the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense."*Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 778 (E.D. Pa. 2010).  "It is the sufficiency of the facts stated — not the weight of the proof presented — that matters.  For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense.  It is not the Court's role to impose judicially created tolls on those who seek to travel on it.  Thus, the Court concludes that a defense is colorable for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial. *Id*. at 782-83. Should plaintiffs file a motion to remand this case, RTC respectfully requests an opportunity to respond more fully in writing, including the submission of affidavits and authorities, but offers the following at this time:

a. Sikorsky, during all aspects of its design and manufacture of Sikorsky military helicopters performed its work under the immediate supervision of the United States Navy.

b. This supervision and control was exercised through contract documents, design and construction drawings, written specifications, and personal oversight of Sikorsky's work by engineers and military specialists on-site at Sikorsky.  No aspect of the development, manufacture, and testing of the helicopters intended for use by the United States Navy escaped this close control.

c. The United States Navy exercised ultimate responsibility for making the final decisions with respect to the helicopters' design. Engineers and military specialists were present at the Sikorsky plant to review and approve the design and manufacture of helicopters that were produced for the United States Navy.  These military specialists stationed on-site at Sikorsky controlled the design and manufacture of any helicopter produced at Sikorsky for the United States Navy. The designs and specifications for all Sikorsky helicopters intended for use by the United States Navy were approved by the appropriate U.S. Military personnel.

d. United States military personnel were personally present at Sikorsky facilities to personally oversee, inspect, and approve the work performed by Sikorsky engineers and personnel, including approval of any changes to design or specifications on all helicopters intended for use by the United States Navy.

e. The United States Military provided extensive and detailed specifications for Sikorsky helicopters intended for United States Navy use.

f.  The United States Military had detailed prints and drawings of every part used in Sikorsky military helicopters. These prints disclosed all materials contained in each part.

g.  The United States Military knew of, and approved, all materials and all parts contained in Sikorsky helicopters intended for use by the United States Navy.

h.  Any written materials, such as warnings or product manuals, that accompanied any helicopter built by Sikorsky for the United States Navy were similarly controlled and specified by the United States Military.

i.  Each product manual was subjected to extensive review and approval by the United States Military.

j.  Contractors like Sikorsky were prohibited from including any type of warning or precautionary statement on or with its helicopters without the prior consent and approval of the United States Military.

21.  RTC raises a colorable federal defense to this action under government contractor immunity in that the Navy, including military specialists, controlled the design and manufacture of any Sikorsky helicopter equipment made for the Navy. The Navy provided, scrutinized, and approved extensive and detailed performance and construction specifications for the equipment intended for Navy use. The U.S. government had state of the art knowledge of the hazards of asbestos-containing components of its equipment at all times relevant to this action.

22.  A causal nexus exists between plaintiffs' claims in this action and the acts allegedly taken by RTC under the direction of federal officers. Plaintiff's claims against RTC arise from Decedent's alleged inhalation of asbestos fibers during his work with or around Sikorsky helicopters on the *USS Midway* and *USS Ranger* while he served from 1972 to 1981. This

equipment was designed and manufactured under strict government control and pursuant to precise specifications that were provided by, scrutinized by, and/or revised by, and in all cases approved by the Navy.   RTC's alleged actions are inseparable from the government specifications, regulations, and oversight, and a clear causal nexus exists between Plaintiff's claims and RTC's alleged acts performed under color of federal office. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); *Marley v. Elliott Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Crocker v. Borden*, 852 F.Supp. 1322 (E.D. La. 1994); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099 (D. Md. 1993).

23.     Plaintiff's claims against RTC are therefore affirmatively barred by government contractor immunity as set forth by the U.S. Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Seventh Circuit Court of Appeals in *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 998 (7th Cir. 1996).   Pursuant to this federal defense, military equipment manufacturers cannot be held liable under state law for any injuries caused by the equipment they built for the U.S. military when: (a) the United States approved reasonably precise specifications; (b) the equipment conformed to these specifications; and (c) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. *See Boyle*, 487 U.S. 500 at 512; *Oliver*, 96 F.3d 992 at 1001.   "The contractor's duty to warn under the third prong of *Boyle* extends only to those dangers in the use of the equipment which are unknown to the government." *Oliver*, 96 F.3d at 1001.

24.     Analyzing the *Boyle* and *Oliver* factors with the facts above shows (a) that Sikorsky designed and manufactured the military equipment in question under strict government supervision and control and that the Navy approved reasonably precise specifications for the manufacture of the helicopter equipment; (b) the equipment conformed to those specifications, and (c) the Navy had state of the art knowledge and was aware of potential health hazards of working with or around asbestos-containing materials dating back to the 1930s.   Thus, Sikorsky would not have had knowledge of any hazards associated with the potential inahalation of respirable asbestos fibers released from products which was not already known to the United States.   RTC has more than a colorable federal defense to this state action under government contractor immunity.   *See Blackman v. Asbestos Defendants (BHC)*, 1997 WL 703773, *3 (N.D.Cal. 1997) (finding that defendant contractor had no duty to warn the Navy of dangers of asbestos use in military equipment where the contractor was not an asbestos manufacturer and "had no greater opportunity to know of the dangers of asbestos in the 1970s than did the USAF"); *see also Boyle*, 487 U.S. at 512; *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1001-1002 (7th Cir. 1996); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); *Marley v. Elliott Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998); *Crocker v. Borden*, 852 F.Supp. 1322 (E.D. La. 1994); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992).

25.     The existence of a single removable claim allows removal of the entire action.   28 U.S.C. § 1441(c).   *Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir. 1985); *see also National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

26.     Notice of this removal has been filed with the state court and provided to all adverse parties by the initial removing defendants pursuant to 28 U.S.C. § 1446(d).

27.     RTC reserves all defenses, including but not limited to challenging whether this court has personal jurisdiction.

WHEREFORE, Defendant Raytheon Technologies Corporation, pursuant to the statutes and authorities identified above hereby removes this action.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE

BY: _William J. Smith_

William J. Smith, Esquire
Attorneys for Defendant,
Rayethon Technologies Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2022, I electronically filed the foregoing Notice of

Removal with the Clerk of Court using the CM/ECF system.

William J. Smith

# EXHIBIT "A"



9171 9690 0935 0281 1734 38



FROM:

PAUL, REICH & MYERS, P.C.
ATTORNEYS AT LAW
1608 WALNUT STREET, SUITE 500
PHILADELPHIA, PENNSYLVANIA 19103

TO:

Raytheon Technologies Corp
870 Winter Street
Waltham, MA 02451

**PAUL, REICH & MYERS, P.C.**

ATTORNEYS AT LAW
1608 WALNUT STREET, SUITE 500
PHILADELPHIA, PENNSYLVANIA 19103
(215) 735-9200

ROBERT E. PAUL
ALAN I. REICH
RICHARD P. MYERS

June 21, 2022

RAYTHEON TECHNOLOGIES CORPORATION
870 Winter Street
WALTHAM, MA 02451

RE: LISA MCINNIS, Administratrix of the
Estate of MALCOLM A. McINNIS,
deceased, and widow in her own right v.
RAYTHEON TECHNOLOGIES CORPORATION, et al.
Phila. C.P., Civil Action No. 2206-1853

Dear Sir or Madam:

Enclosed please find a true and correct copy of plaintiff's Complaint in the above captioned matter.

Under Pa. R.C.P. 403, plaintiff's service of process upon you by certified mail, return receipt requested, is proper and adequate service of process upon you under Pennsylvania law.

Kindly refer this matter to an attorney or a default judgment may be entered against you.

Very truly yours,

PAUL, REICH & MYERS, P.C.

BY: _____
AMY MAZIE

Enclosure
REP/wds

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| JUNE 2022 |
| E-Filing Number: 2206040138 |

**001853**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| MALCOLM A. MCINNIS | ADC CONTRACTING & SUPPLY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 5801 HIGHLAND COURT<br>WILMINGTON DE 19802 | 209 CENTER STREET<br>BRIDGEPORT CT 06604 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| LISA MCINNIS | AEROQUIP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 5801 HIGHLAND COURT<br>WILMINGTON DE 19802 | 3000 STRAYER ROAD<br>MAUMEE OH 43537 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | ALLEN BRADLEY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 8020 EXCELSIOR DRIVE, STE 200<br>MADISON WI 53717 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
| --- | --- | --- | --- | --- |
| 2 | 53 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☒ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| T1 - MASS TORT - ASBESTOS |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>JUN 21 2022<br><br>S. RICE | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
| --- | --- | --- |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MALCOLM A MCINNIS , LISA MCINNIS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| ROBERT E. PAUL | 1608 WALNUT ST<br>SUITE 500<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (215)735-9200 | (215)735-3888 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 21252 | rpaul@prmpclaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| ROBERT PAUL | Tuesday, June 21, 2022, 10:33 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. ADC CONTRACTING & SUPPLY
   209 CENTER STREET
   BRIDGEPORT CT 06604
2. AEROQUIP
   3000 STRAYER ROAD
   MAUMEE OH 43537
3. ALLEN BRADLEY COMPANY
   8020 EXCELSIOR DRIVE, STE 200
   MADISON WI 53717
4. ARMSTRONG INTERNATIONAL
   816 MAPLE STREET
   THREE RIVERS MI 49093
5. ARROWHEAD PRODUCTS
   4411 KARTELL AVENUE
   LOS ALAMITOS CA 90720
6. ALTANTIC CRANES
   7562 PENN DRIVE, #110
   ALLENTOWN PA 18106
7. BELL & GOSSETT/DOMESTIC PUMP
   8200 N. AUSTIN AVENUE
   MORTON GROVE IL 60053
8. BUFFALO PUMPS INC.
   874 OLIVER STREET
   NORTH TONAWANDA NY 14120
9. CARBOLINE
   2150 SCHUETZ ROAD
   ST. LOUIS MO 63146
10. CBS CORPORATION, FORMERLY WESTINGHOUSE ELECTRIC CORP
    80 STATE STREET
    ALBANY NY 12207
11. CHALMERS & KUBECK
    150 COMMERCE DRIVE
    ASTEN  PA 19011
12. CRANE CHEMPHARMA & ENERGY
    4526 RESEARCH FOREST DRIVE
    THE WOODLANDS TX 77381
13. CRANE CO.
    100 FIRST STAMFORD PLACE
    STAMFORD CT 06902
14. CRANE COCHRANE
    2650 EISENHOWER AVENUE SUITE 100A
    NORRISTOWN PA 19403
15. CYTEC SOLVAY
    10900 NE 8TH STREET SUITE 210
    BELLEVUE WA 98004
16. DEXTER CORPORATION
    2 ELM STREET
    WINDSOR LOCKS CT 06096
17. DINGS COMPANY
    4740 W. ELECTRIC AVENUE
    MILWAUKEE WI 53219
18. EATON CORPORATION C/O CT CORPORATION SYSTEMS
    600 NORTH 2ND STREET SUITE 401
    HARRISBURG PA 17101
19. EXACTO INC
    P.O. BOX 597
    SOUTH BEND  IN 46624
20. FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST
    AS SUCCESSOR TO VELLUMOID C/O WILMINGTON TRUST SERVICE
    WILMINGTON DE 19801
21. FISHER CONTROLS INTERNATIONAL
    205 SOUTH CENTER STREET
    MARSHALLTOWN IA 50158

22. DCO LLC F/K/A DANA COMPANIES
    40 BURTON HILL BLVD #200
    NASHVILLE TN 37215
23. FMCCORPORATION
    CIRA CENTER SOUTH 2929 WALNUT STREET
    PHILADELPHIA PA 19104
24. GARDNER DENVER
    222 E. ERIE STREET
    MILWAUKEE WI 53202
25. GENERAL ELECTRIC COMPANY C/O CT CORPORATION SYSTEMS
    600 NORTH 2ND STREET SUITE 401
    HARRISBURG PA 17101
26. GOULDS  PUMPS INC.
    270 FALL STREET
    SENECA FALLS NY 13148
27. GTE PRODUCTS OF CONNECTICUT CORPORATION
    600 HIDDEN RIDGE
    IRVING TX 75038
28. HENKEL
    18731 CRANWOOD PARKWAY
    CLEVELAND OH 44128
29. HEXCEL CORPORATION
    172 INDUSTRIAL PARK ROAD
    ST. CLAIR PA 17970
30. HONEYWELL INTERNATIONAL
    300 SOUTH TRYON STREET
    CHARLOTTE NC 28202
31. HYSOL AEROSPACE & INDUSTRIAL ADHESIVES
    1 HENKEL WAY
    ROCKY HILL CT 06067
32. IMO INDUSTRIES INC. F/K/A DELAVAL STEAM TURBINE CO
    THE CORPORATION TRUST 1209 ORANGE STREET
    WILMINGTON DE 19801
33. ITT BELL GOSSETT
    8200 N. AUSTIN AVENUE
    MORTON GROVE IL 60053
34. METROPOLITAN LIFE INSURANCE CO.
    200 PARK AVENUE, ROOM 3200
    NEW YORK NY 10166
35. MINNESOTA MINING AND MANUFACTURING
    3 M CENTER
    ST. PAUL MN 55144
36. MONSEY PRODUCTS C/O HENRY COMPANY
    336 COLD STREAM ROAD
    KIMBERTON PA 19442
37. MSA
    1000 CRANBERRY WOODS DR
    CRANBERRY TOWNSHIP PA 16066
38. NARMCO
    2575 AIRPORT ROAD
    WINDSOR ON N8W1Z4
39. OTIS ELEVATOR
    10 FARM SPRINGS ROAD
    FARMINGTON CT 06032
40. PARKER HANNIFIN
    6035 PARKLAND BLVD
    CLEVELAND OH 44124
41. PECORA CORPORATION
    165 WAMBOLD ROAD
    HARLEYSVILLE PA 19438
42. PFIZER INC.
    235 EAST 42ND STREET
    NEW YORK NY 10017
43. PNEUMO ABEX LLC CORPORATION SERVICE
    251 LITTLEFALLS DRIVE

WILMINGTON DE 19808

44. RAYTHEON TECHNOLOGIES CORPORATION
    870 WINTER STREET
    WALTHAM MA 02451

45. REDDAWAY MANUFACTURING COMPANY
    32 EUCLID AVENUE
    NEWARK NJ 07105

46. SIKORSKY HELICOPTER
    6900 MAIN STREET
    STRATFORD CT 06614

47. SQUARE D COMPANY
    R&D CENTER 800 FEDERAL STREET
    NORTH ANDOVER  MA 01810

48. STEARNS DIVISION OF REXNORD
    5150 S. INTERNATIONAL DRIVE
    CUDAHY WI 53110

49. TITEFLEX CORPORATION
    603 HENDEE STREET
    SPRINGFIELD  MA 01104

50. UNION CARBIDE CORPORATION
    C/O CT CORPORATION SYSTEMS 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101

51. VELLUMOID INC
    54 ROCKDALE STREET
    WORCESTER MA 01606

52. WARREN PUMPS LLC
    1209 ORANGE STREET
    WILMINGTON DE 19801

53. WYETH HOLDING
    5 GIRALDA FARMS
    MADISON NJ 07940

PAUL, REICH & MYERS P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200



IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION CIVIL SECTION

| | |
|---|---|
| LISA MCINNIS, Administratrix of the Estate of MALCOLM A. McINNIS, deceased, and widow in her own right 5801 Highland Court Wilmington, DE 19802 | : JUNE TERM, 2022 : : : : : : : NO. |
| vs. | : : : : |
| ADC CONTRACTING & SUPPLY () 209 Center Street BRIDGEPORT, CT 06604 (continued...) | : ASBESTOS CASE : |

COMPLAINT - CIVIL ACTION
2000 ASBESTOS

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
TELÉFONO: (215) 238-1701

Case ID: 220601853

AEROQUIP
3000 Strayer Road
MAUMEE, OH 43537

ALLEN-BRADLEY COMPANY
CT Corporation Systems
8020 Excelsior Drive, Suite 200
MADISON, WI USA 53717

ARMSTRONG INTERNATIONAL
816 Maple Street
THREE RIVERS, MI 49093

ARROWHEAD PRODUCTS
4411 Kartell Avenue
LOS ALAMITOS, CA 90720

ATLANTIC CRANES
7562 Penn Drive, #110
ALLENTOWN, PA 18106

BELL & GOSSETT/DOMESTIC PUMP
8200 N. Austin Avenue
MORTON GROVE, IL 60053

BUFFALO PUMPS, INC.
874 Oliver Street
NORTH TONAWANDA, NY 14120

CARBOLINE
2150 Schuetz Road
ST LOUIS, MO 63146

CBS Corporation, formerly Westinghouse Electric Corporation
c/o Prentice Hall
80 State Street
ALBANY, NY 12207

CHALMERS & KUBECK
150 Commerce Drive
ASTON, PA 19011

CRANE CHEMPHARMA & ENERGY
4526 Research Forest Drive, Suite 400
THE WOODLANDS, TX 77381

Case ID: 220601853

CRANE CO.
100 First Stamford Place
STAMFORD, CT 06902

CRANE COCHRANE
2650 Eisenhower Avenue
Suite 100A
NORRISTOWN, PA 19403

CYTEC SOLVAY
10900 NE 8th Street, Suite 210
BELLEVUE, WA 98004

DANA CORPORATION
k/n/a Dana Companies, LLC
900 West South Boundary
Building 8, Suite A
PERRYSBURG, OH 43552

DEXTER CORPORATION
2 Elm Street
WINDSOR LOCKS, CT 06096

DINGS COMPANY
4740 W. Electric Avenue
MILWAUKEE, WI 53219

EATON CORPORATION
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

EXACTO INC.
P.O. Box 597
SOUTH BEND, IN 46624

FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST
as successor to Vellumoid division of Federal-Mogul Corporation
c/o Wilmington Trust SP Services, Inc
1105 N. Market Street, Suite 1300
WILMINGTON, DE 19801

FISHER CONTROLS INTERNATIONAL, LLC
205 South Center Street
MARSHALLTOWN, IA 50158

Case ID: 220601853

FMC CORPORATION
at Cira Center South
2929 Walnut Street
PHILADELPHIA, PA 19104

GARDNER DENVER
222 E. Erie Street
MILWAUKEE, WI 53202

GENERAL ELECTRIC COMPANY
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

GOULDS PUMPS INC.
270 Fall Street
SENECA FALLS, NY 13148

GTE PRODUCTS OF CONNECTICUT CORPORATION
600 Hidden Ridge
IRVING, TX 75038

HENKEL
18731 Cranwood Parkway
CLEVELAND, OH 44128

HEXCEL CORPORATION
172 Industrial Park Road
ST. CLAIR, PA 17970

HONEYWELL INTERNATIONAL
300 South Tryon Street
CHARLOTTE, NC 28202

HYSOL AEROSPACE & INDUSTRIAL ADHESIVES
1 Henkel Way
ROCKY HILL, CT 06067

IMO INDUSTRIES, INC.
f/k/a De Laval Steam Turbine Company
The Corporation Trust Company
1209 Orange Street
WILMINGTON, DE 19801

ITT BELL GOSSET
8200 N. Austin Avenue

MORTON GROVE, IL  60053

METROPOLITAN LIFE INSURANCE CO.
200 Park Avenue, Room 3200
NEW YORK, NY  10166

MINNESOTA MINING AND MANUFACTURING
3 M Center
ST. PAUL, MN  55144

MONSEY PRODUCTS
c/o Henry Company
336 Cold Stream Road
KIMBERTON, PA  19442

MSA
1000 Cranberry Woods Drive
CRANBERRY TOWNSHIP, PA 16066

NARMCO
2575 Airport Road
WINDSOR, ON CANADA N8W 1Z4

OTIS ELEVATOR
10 Farm Springs Road
FARMINGTON, CT 06032

PARKER HANNIFIN
6035 Parkland Blvd.
CLEVELAND, OH  44124

PECORA CORPORATION
165 Wambold Road
HARLEYSVILLE, PA  19438
PFIZER, INC.
235 East 42nd St.
NEW YORK, NY  10017

PNEUMO ABEX LLC
Corporation Service Corporation
251 Littlefalls Drive
WILMINGTON, DE  19808-1674

RAYTHEON TECHNOLOGIES CORPORATION
870 Winter Street
WALTHAM, MA  02451

REDDAWAY MANUFACTURING COMPANY, INC.
32 Euclid Avenue
NEWARK, NJ  07105

SIKORSKY HELICOPTER
6900 Main Street
STRATFORD, CT  06614

SQUARE D COMPANY
R&D Center
800 Federal Street
NORTH ANDOVER, MA  01810

STEARNS
Division of Rexnord
5150 S. International Drive
CUDAHY, WI  53110

TITEFLEX CORPORATION
603 Hendee Street
SPRINGFIELD, MA  01104

UNION CARBIDE CORPORATION
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

VELLUMOID, INC.
54 Rockdale Street
Worcester, MA  01606

WARREN PUMPS LLC
Corporation Trust Center
1209 Orange Street
WILMINGTON, DE 19801

WYETH HOLDING
5 Giralda Farms
MADISON, NJ  07940

PAUL, REICH & MYERS P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200



IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION CIVIL SECTION

| | |
|---|---|
| LISA MCINNIS, Administratrix of the Estate of MALCOLM A. McINNIS, deceased, and widow in her own right 5801 Highland Court Wilmington, DE 19802 | : JUNE TERM, 2022 : : : : : : |
| vs. | : NO. : |
| ADC CONTRACTING & SUPPLY, et al. 209 Center Street BRIDGEPORT, CT 06604 | : : : ASBESTOS CASE |

COMPLAINT - CIVIL ACTION
ASBESTOS

1) Plaintiff, Lisa McInnis, Administratrix of the Estate of Malcolm A. McInnis, resides at 5801 Highland Court, Wilmington, DE, and is a citizen of the State of DE. The decedent who was exposed to asbestos was Malcolm A. McInnis, who died on 01/05/22.

2) Plaintiff's deceased, Malcolm A. McInnis, was born on July 4, 1953.

3) Plaintiff's deceased, Malcolm A. McInnis's only dependent was his wife Lisa McInnis.

4) Plaintiff's deceased, Malcolm A. McInnis, smoked approximately 1 pack(s) of cigarettes per day from 1969 until 1987.

5) Decedent's Social Security and IRS records will be furnished upon receipt.

6) Decedent's work history is as follows:

Case ID: 220601853

a) From 07/04/53 to 12/31/69 - Marine Engineers Beneficial Assoc. (Father's Exposure) as a marine engineer.

b) From 01/01/93 to 12/31/99 - Chalmers & Kubeck (Chester, PA) as a maintenance mechanic.

c) From 01/01/81 to 12/31/92 - Congoleum (Marcus Hook, PA) as a maintenance electrician working with raw asbestos fiber and asbestos-containing products.

d) From 01/16/72 to 02/05/81 - U.S. Navy (Jacksonville, FL) (USS Midway, USS Ranger) as a helicopter mechanic.

7) Decedent was exposed to asbestos at all sites set forth supra.

8) Plaintiff incorporates by reference against defendants all the allegations of all the Complaints filed in <u>Joan Nealy, Executrix of the Estate of Harry Platt v. Abex Corporation</u>, et al., Philadelphia C.P. May Term, 1985, No. 2678, <u>Rafael and Cecilia Montero v. Abex Corporation</u>, et al., Philadelphia C.P. July Term, 1986, No. 1216, and <u>Richard and Suzanne Balbirer v. Abex Corporation</u>, et al., Philadelphia C.P. July Term, 1986, No. 649, and <u>Anna Tedeschi, Administratrix of the Estate of Cosmo Tedeschi v. Abex Corporation</u>, et al., Philadelphia C.P. January Term, 1986, No. 1641, and in the Master Plaintiffs' Complaint filed and prepared pursuant to the Order establishing the Master Pleadings Procedure in the Court of Common Pleas as if fully set out herein.

9) All allegations against defendants named in this lawsuit which were made in the Complaints filed in the lawsuits annotated in Paragraph 8 above or in the Master Complaint are incorporated by reference.

10)      The defendants are those companies listed in the caption.  The principal places of business and the states of incorporation of each of the defendants are set out in the above-referenced filed master complaint or herein.

a)      At all times material, ADC sold asbestos-containing cloth products incorporated into Sikorsky helicopters such as but not limited to A1225 and Style 1,5401.  Exposure to those products caused the injuries herein.

b)      At all times material, Aeroquip manufactured asbestos-containing hoses. Exposure to asbestos from these products caused the injuries herein.

c)      Defendant, Allen-Bradley Company, is a Wisconsin corporation with its principal place of business at 1201 S. Second Street, Milwaukee, Wisconsin 53204. Allen-Bradley is the successor in interest to the Rostone Corporation or sole shareholder of its creature and alter ego Rostone Corporation.  It is responsible for all injuries caused by Rostone or by the Rostone Division of Allen-Bradley or its predecessors. The various Rostone entities sold Rostite and other asbestos containing products to Westinghouse electric and other entities.  These asbestos products caused the injuries complained of herein.

d)      At all times material Armstrong sold steam traps, air vents and liquid drainers which contained asbestos gaskets.  Exposure to the asbestos in Armstrong steam traps, air vents and liquid drainers and pumps caused the injuries herein.

e)      At all times material, Arrowhead Products sold asbestos-containing gasket products used on Sikorsky helicopters such as 40266-501.  Exposure to those products caused the injuries herein.

f)      At all times material defendant, Atlantic Cranes or its predecessor in interest sold cranes and other equipment containing asbestos or designed to contain asbestos or repaired cranes at Congoleum and Chalmers & Kubeck exposing decedent to asbestos.

g)      At all times, material Bell & Gossett/Domestic Pump sold asbestos products which caused the injuries complained of herein.

h)      At all times Buffalo sold pumps and valves insulated with asbestos or designed to be insulated with asbestos. As a result of exposure to asbestos on Buffalo pumps the injured party suffered the injuries complained of herein.

i)      At all times material, Carboline sold asbestos-containing Carboline 225 caulking compound used as an adhesive on Sikorsky helicopters. Exposure to these products caused the injuries herein.

j)      At all times material, Chalmers & Kubeck was the employer of decedent. Despite its obligation to warn and protect Chalmers & Kubeck exposed him to asbestos without proper warnings and safety precautions causing the injuries herein.

k)      Crane Chempharma & Energy is the successor in interest to Stockham Valves. At all times material, Stockham Valves designed its valves to contain asbestos or knew asbestos would be used in its valves. Exposure to the asbestos in the valves caused the injuries herein. Crane Chempharma is also responsible for injuries caused by resistoflex R4522 and other resistoflex asbestos-containing products for helicopters to which decedent was exposed and which caused his injuries. It is a mere creature and alter ego of Crane Company.

l)      Crane Company is a Delaware Corporation with its principal place of business in Connecticut. It is the successor in interest to its former parent, Crane company, an

Illinois corporation, and liable for injuries due to exposure to the former Illinois Crane's asbestos products. At all times material to this action, Crane's predecessor sold Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt pumps and other asbestos pipe insulation. Exposure to the asbestos dust from these products caused the injuries complained of herein.

m)      At all times material Crane Cochrane and its predecessor Cochrane sold asbestos containing pumps and valves. Exposure to asbestos dust from these pumps and valves caused the injuries complained of herein.

n)      Cytec Solvay is the successor in interest to American Cyanamid, which made asbestos-containing adhesives for Sikorsky helicopters. Exposure to the asbestos from these products caused the injuries herein.

o)      Defendant, Dana corporation, is a corporation duly organized and existing in the Commonwealth of Virginia and is a citizen of the Commonwealth of Virginia with a principal place of business at 4500 Dorr Street, P.O. Box 1000 Toledo, Ohio. Dana is liable as successor to Victor gaskets which products contained asbestos and caused the injuries herein as well as manufacturing and selling Asbestoprene 222, 223 and Asbestoprene PA directly or through Vellumoid or both for use on Sikorsky helicopters.

p)      Dexter is liable as manufacturer of asbestos-containing EA929, 934 and 9309 and other asbestos-containing products for use on Sikorsky helicopters. Exposure to the asbestos in these products caused the injuries herein.

q)      Dings manufactured asbestos-containing cranes and other equipment used at Congoleum and Chalmers and Kubeck. Exposure to the asbestos in this equipment caused the injuries herein.

r)      CBS sold asbestos-containing electrical equipment used at Congoleum and Chalmers and Kubeck.  Exposure to this equipment and products caused the injuries herein.  There is no claim against Westinghouse for decedent's naval service.

s)      Defendant, Eaton Corporation, is an Ohio corporation with its principal place of business located at 1111 Superior Avenue, S.E., Cleveland, Ohio.  Eaton Corporation is the successor in interest to Cutler-Hammer Inc which sold asbestos containing brakes and other electrical products that caused the injuries herein and Aeroquip which sold asbestos-containing hoses.

t)      Defendant Exacto Inc sold asbestos-containing clamps for use on Sikorsky helicopters.  Exposure caused the injuries herein.

u)      At all times material defendant Federal-Mogul Trust predecessors, Vellumoid division of Federal-Mogul Corporation sold asbestos-containing products to which the injured party was exposed.  Vallumoid sold asbestos-containing Asbestoprene 222, 233 Asbestoprene PA, Velbestos, Velbestos 250, Velbestos CL1 and Vellutex used on Sikorsky helicopters.  Exposure to these products caused the injuries herein.

v)      At all times, material Fisher designed and sold control valves intended to contain asbestos.  Exposure to the asbestos on the Fisher Control equipment caused the injuries complained of herein.

w)      At all times, material FMC or its predecessor Stearns provided brake linings and other asbestos-containing equipment to Congoleum and Chalmers and Kubeck.  Exposure to that asbestos caused the injuries.

x)    Defendant, Gardner Denver designed, and sold compressors and pumps intended to contain asbestos. The exposure to asbestos from the Gardner products caused the injuries herein.

y)    General Electric sold asbestos-containing products used on its TF-38 engines on the Sikorsky helicopters and asbestos-containing electrical equipment used at Congoleum and Chalmers and Kubeck. Exposure to this equipment caused the injuries herein. In addition, GE technical representative supervised repairs to the engines on the Sikorsky helicopters thus exposing decedent to asbestos.

z)    At all times, Gould Pumps sold asbestos-containing products which caused the injuries complained of herein.

aa)    Defendant, GTE Products Corporation, is the successor in interest to the company which manufactured Clark asbestos-containing brake shoes. It is responsible for all injuries suffered by persons exposed to Clark brake shoes and to electrical products for which GTE is responsible.

bb)    At all times material, Henkel sold asbestos-containing honeycomb adhesives used on Sikorsky helicopters. Exposure to those asbestos products caused the injuries herein.

cc)    At all times material, Hysol sold asbestos-containing industrial adhesives for use on Sikorsky helicopters. Exposure to those asbestos products caused the injuries herein.

dd)    Honeywell International is a Delaware corporation with its principal place of business in New Jersey. Honeywell is the successor in interest to Bendix and Allied and Allied Signal. At all times material, Honeywell and/or its predecessors such as Bendix and Allied manufactured and distributed asbestos-containing brake linings for

helicopters and for the cranes and other equipment at Congoleum and Chalmers & Kubeck.

ee)      Defendant, IMO is sued as successor to De Laval steam Turbine Company is a Delaware corporation with its principal place of business located in New Jersey. At all times material it sold asbestos-containing turbines and pumps to which plaintiff was exposed. In addition, IMO's predecessors such as Adel sold asbestos-containing clamps used on Sikorsky helicopters. Exposure to those asbestos products caused the injuries herein.

ff)      At all times material defendant ITT Bell Gosset sold asbestos containing pumps, heat transfer equipment and valves. The asbestos in that equipment caused the injuries complained of herein.

gg)      At all times material Metropolitan Life Insurance company conspired with others to prevent dissemination of knowledge of the possible hazards of asbestos.

hh)      At all times material defendant Minnesota Mining and Manufacturing sold asbestos products which caused the injuries complained of herein including arc proofing tape and also sold defective respirators which did not prevent the injuries herein. It is also sued as a supplier of asbestos-containing body filler and other products for automobiles as well as asbestos-containing scotch-seal 750 and other adhesives for Sikorksy helicopters. Exposure to those asbestos products and/or respirators caused the injuries herein.

ii)      At all times material MSA sold respirators and clothing gloves. Despite belief these were safe they allowed plaintiff to breathe asbestos causing the injuries herein.

jj)      At all times material, Narmco sold asbestos-containing metal bond 329 for

Sikorsky helicopters and other asbestos-containing adhesives.  Exposure to those

asbestos-containing products caused the injuries herein.

kk)      At all times material, Otis designed its elevators to include asbestos containing

components.  Exposure to asbestos dust from asbestos products on and in the Otis

Elevators at Congoleum and Chalmers & Kubeck caused the injuries complained of

herein.

ll)      At all times material to this action, defendant Parker Hannfifn through a division

later sold to Standard Motor Parts in 1986, manufactured and sold asbestos-containing

brake linings.  Exposure to these products caused the injuries at issue herein.  Parker

also sold airplane and helicopter brake linings which contained asbestos and which

caused the injuries herein.

mm)      Defendant, Pecora Corporation, is a Pennsylvania corporation with its

principal place of business located at 165 Wambold Road, Harleysville, Pennsylvania.

Pecora Corporation at all times material hereto, manufactured, supplied, distributed

and/or produced any and all of the asbestos-containing products to which the

plaintiff/decedent was exposed through his employment including, but not limited to,

Red Devil Furnace Cement, sealings and other products.

nn) Pfizer is the successor to American Cynamid which sold asbestos-containing products

for Sikorsky helicopters.  Exposure to those products caused the injuries herein.

oo)      At all times material, Raytheon and its predecessors such as United

Technologies and its creature and alter ego Sikorsky which was a mere alter ego and

creature of United designed and sold asbestos-containing products which caused the injuries herein.

pp)     Defendant, Reddaway Manufacturing Company Inc., is a Delaware corporation with its principal place of business located in 32 Euclid Avenue, Newark, NJ. At all times material to this action it sold asbestos containing brake linings for Sikorsky helicopters such as but not limited to RBW to which Plaintiff was exposed and which exposure caused his injury.

qq)     Sikorsky Helicopters designed its helicopters to contain asbestos. It also sold asbestos-containing replacement parts. Its technical representative exposed decedent to asbestos during repairs to the helicopters.

rr)     Defendant, Square D company, is a Delaware corporation with its principal place of business located at Executive Plaza, Palatine, Illinois. It negligently sold defective asbestos-containing wire, cable, arc chutes and other asbestos-containing products including, but not limited to, brakes to which plaintiff/decedent was exposed.

ss)     Stearns division of Rexnord sold asbestos-containing products used to Sirkosky helicopters and on equipment at Congoleum and Chalmers which caused the injuries herein.

tt)     Titeflex Corporation sold asbestos-containing products to which decedent was exposed to on the Sikorsky helicopters such as but not limited to TF1072. Such exposure caused the injuries herein.

uu)     Defendant, Union Carbide Corporation, is the corporation organized and existing under the laws of the State of New York, with its principal place of business in Connecticut. At all times material hereto, Defendant, Union Carbide corporation,

manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products, including, but not limited to, Bakelite without adequate warnings.

vv)     Defendant, Vellumoid, Inc., is a North Carolina corporation with its principal place of business at 54 Rockdale Street, Worcester, Massachusetts.  At all times material to this action, Vellumoid or its predecessors in interest including W.R. Grace manufactured, distributed or sold asbestos gasket materials, rolls, or compressed sheets. In addition it sold asbestos-containing parts such as Asbestoprene 222, 233 and PA, Velbestos, Velbestos 250, Velbestos CL1 and Vellutex for helicopters.  As a result of its intended and foreseeable use, this equipment would become old and frayed and would emit asbestos dust and fibers which plaintiff/decedent inhaled.

ww)     At all times material defendant, Warren Pump and/or its predecessors in interest such as Quimby sold equipment and valves insulated with asbestos or designed to be insulated with asbestos.  Exposure to the asbestos or the products caused the injuries herein.

xx) Wyeth Holding is the successor in interest to American Cynamid.  At all times material, American Cynamid sold asbestos-containing product for Sikorsky helicopters which caused the injuries herein.

11)     During the course of his employment at the worksites noted in Paragraph 6 supra, plaintiff believes and therefore avers that he was exposed to asbestos fiber or asbestos products manufactured, sold, distributed, or otherwise placed into the stream of commerce by the defendants.  The term asbestos products as used herein includes asbestos-containing

products such as boilers and engines and furnaces and turbines. The term asbestos-

containing as used herein means products sold with asbestos or products whose designers,

manufacturers and fabricators knew, should or could have known that it would be insulated

or could be insulated with asbestos.

12)        Plaintiff does not now know whether or not he was exposed to asbestos products at

worksites other than those enumerated in Paragraph 6 above, but he reserves his right to

assert at trial that he was so exposed at the other sites, should such evidence develop.

Plaintiff avers that should such evidence develop, he will promptly notify defendants well

in advance of trial.

13)      Plaintiff's deceased, Malcolm A. McInnis, was diagnosed as having contracted Lung

Cancer as a result of his asbestos exposure by Dr. PHoebe J. Holmes, M.D. on or about

October 29, 2021and such diagnosis was accompanied by discernible or ascertainable

physical symptoms and/or functional impairment and/or other detrimental effects as a result

of the exposure to asbestos.  Decedent developed symptoms due to his asbestos inhalations

and injuries and then died as a result of the cancer and its sequelae.

14)      Plaintiff pleads for all of the items of damages set forth in the Complaints filed in the

cases of Rafael Montero, supra, Richard Balbirer, supra and in the Master Complaint for all

asbestos cases in the Court of Common Pleas which Complaints are referenced in Paragraph

8 of this Complaint.

WHEREFORE, plaintiff demands of defendants a sum in excess of Fifty Thousand

Dollars ($50,000.00), exclusive of interest and costs for compensatory damages, and a sum

in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

PAUL, REICH & MYERS P.C.

Case ID: 220601853

BY: _____

ROBERT E. PAUL

## VERIFICATION

I hereby certify that I am a Plaintiff in the instant matter and the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*Lisa A. McInnis*