**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA MCINNIS, Administratrix of the Estate of MALCOLM A. McINNIS, deceased, and widow in her own right,<br><br>      Plaintiff,<br><br>v.<br><br>ADC CONTRACTING & SUPPLY, et al.,<br><br>      Defendants. | Civil Action No.: 5:22-CV-02779-ER |

**DEFENDANT SIKORSKY AIRCRAFT CORPORATION'S NOTICE OF JOINDER IN REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Sikorsky Aircraft Corporation, sued erroneously herein as Sikorsky Helicopter, (hereinafter "Sikorsky Aircraft") hereby joins in Defendant Raytheon Technologies Corporation's removal of the above-entitled action from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1442(a). This joinder is based on Sikorsky Aircraft's separate and independent right of removal under the federal officer removal statute. In support, Sikorsky Aircraft offers the following:

**I.      Background**

1.      On or about June 21, 2022, Plaintiff Lisa McInnis, as Administratrix of the Estate of Malcolm A. McInnis, deceased, and widow in her own right ("Plaintiff") filed this personal injury action in the Court of Common Pleas of Philadelphia County, entitled *Lisa McInnis v. ADC Contracting & Supply, et al.*, Case No. 2206-1853 ("Complaint"). Plaintiff mailed a copy of the Complaint to Sikorsky Aircraft, which Sikorsky Aircraft

received on June 23, 2022.  The Complaint names multiple defendants, including Sikorsky Aircraft.  Plaintiff alleges, in part, that Decedent Malcolm McInnis ("Decedent") incurred personal injuries due to alleged asbestos exposure from products allegedly designed, manufactured, or supplied by Sikorsky Aircraft.  (*See* Complaint [ECF No. 1, Ex. A], ¶¶ 6, 10(qq), and 11.)  Plaintiff alleges that, while serving in the United States Navy from "01/16/72 to 02/05/81," Decedent was exposed to asbestos while working as a helicopter mechanic" aboard the USS Midway and USS Ranger.  (*Id.* at ¶ 6(d).)

2.　　At all times, including Decedent's alleged service in the United States Navy, any and all aircraft supplied by Sikorsky Aircraft to the United States Navy were manufactured for the United States military in accordance with detailed specifications approved by the United States government and under the direct supervision, control, orders, and directives of a federal officer acting under color of federal office.

3.　　This Notice of Removal is being filed within 30 days of the time Sikorsky Aircraft first received notice of the grounds for removal of this case, via Plaintiff's Complaint, which was delivered to Sikorsky Aircraft on June 23, 2022.  Accordingly, this removal is filed within the time-period prescribed by law.  *See* 28 U.S.C. § 1446(b).

## II.　Federal Officer Removal Is Appropriate Under 28 U.S.C. §1442(a)

4.　　Removal is proper under 28 U.S.C. § 1442(a) when the defendant seeking removal (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a "colorable federal defense."  *Papp v. Fore-Kast Sales Co., Inc.,* 842 F.3d 805, 812 (3d Cir. 2016); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010).

5.　　Sikorsky Aircraft is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Papp*, 842 F.3d at 812.

6.　　Plaintiff's claims against Sikorsky Aircraft are based, in whole or in part, on Decedent's alleged exposure to asbestos while working on or around Sikorsky-manufactured military aircraft during his service in the United States Navy from 1972 to

1981.  To the extent that the design or manufacture of such aircraft included asbestos-containing components, the United States government approved reasonably precise specifications for such components.  The United States government also approved reasonably precise specifications as to the existence and content of warnings associated with any such aircraft.  Any decision regarding asbestos in such aircraft or the component parts thereof was under the full control and discretion of the United States government.  The United States government, likewise, controlled the content of written materials and warnings associated with such aircraft.

7.     Sikorsky Aircraft is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).  *Yearsley* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function.  *Id.*  Here, the *Yearsley* doctrine is satisfied because the military aircraft assembled by Sikorsky Aircraft were produced and sold pursuant to validly-conferred authority and Sikorsky Aircraft's conduct was within the bounds of that authority.  Indeed, if the government had manufactured such aircraft itself, it would be immune from suit; that immunity is extended to Sikorsky Aircraft, which, by virtue of its contractually conferred authority, stepped into the government's shoes.

8.     Sikorsky Aircraft also is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the separate and independent government contractor federal defense.  *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).  *Boyle* establishes that a government contractor is not liable for injuries caused by design defects in equipment when the contractor builds such equipment according to reasonably precise government-approved design specifications.  The government contractor defense also applies to a contractor's alleged failure to warn.  *Papp*, 842 F.3d at 814; *see also Hagen*, 739 F. Supp. 2d at 783.  The government contractor defense is satisfied here because (a) the specifications for the design of the aircraft at issue, and all warnings and written

materials associated with such aircraft, were controlled and approved by the United States government, (b) the aircraft conformed to such specifications, and (c) Sikorsky Aircraft did not fail to warn the government of any dangers known to Sikorsky Aircraft and unknown to the government.

### III.    Procedural Compliance

9.      Sikorsky Aircraft satisfies the requirements for removal under 28 U.S.C. § 1442(a) and, therefore, is entitled to remove this entire action.  Joinder of the other defendants in this action is not necessary to remove under 28 U.S.C. §1442(a).  *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F. 2d 1310, 1314-1315 (9th Cir. 1981).

10.      Written notice of this Joinder in Removal is being given to Plaintiff by service hereof.  Sikorsky Aircraft is informed and believes that Defendant Raytheon Technologies Corporation has filed a copy of its Notice of Removal with the Court of Common Pleas, Philadelphia County.

### IV.    Conclusion

11.      Removal of this action is proper under 28 U.S.C. § 1442.  Plaintiff's Complaint is a civil action brought in state court and this Court has jurisdiction over the subject matter under 28 U.S.C. §1442(a)(1).

**WHEREFORE**, Sikorsky Aircraft requests that this action proceed in this Court as a properly removed action.

Respectfully submitted,
DICKIE, McCAMEY & CHILCOTE, P.C.


Date:  July 22, 2022                        _____/s/ William R. Adams_____
William R. Adams (PA Id. No.73534 )
222 Delaware Avenue
Suite 1040
Wilmington, DE 19801-1621
Tel. (302) 428-6133
Fax (888) 811-7144

Attorney for Defendant,
Sikorsky Aircraft Corporation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that on this 22nd day of July, a true and correct copy of the foregoing Notice of Joinder in Removal by Defendant, Sikorsky Aircraft Corporation, was filed through the CM/ECF system which will send notice of such filing to all counsel of record who are registered ECF users.


/s/ William R. Adams
William R. Adams

14781751.1

5